STATEMENT

PER CURIAM.
These two cases, which have been consolidated for purposes of appeal, have had a confusing, and so far unsatisfactory, procedural history. The parties have been in fundamental disagreement regarding the applicable pre-trial procedures. As a result, neither they nor the trial court have had a full opportunity to address the important issues that may be present.
Plaintiffs (Maas and Favela) were employed as police officers by the Nation. *288 Their closely similar complaints allege that, after being employed and completing the 90-day probationary period, each plaintiff was given “permanent” employment status. The complaints further allege that each plaintiff thereafter had his employment terminated by the Chief of Police on the ground that each had misrepresented material information about his prior employment experience in connection with his employment application. Each plaintiff alleges that he unsuccessfully sought an administrative hearing to challenge his termination. Each plaintiff further alleges that such hearings had previously been afforded to other terminated employees. Plaintiffs contend that the failure to afford them administrative hearings violated their due process and equal protection rights under the Indian Civil Rights Act.
The Nation did not answer plaintiffs’ complaints, but instead filed timely motions to dismiss the complaints for failure to state claims upon which relief could be granted. In these motions, the Nation asserted that plaintiffs were not, in fact, permanent employees at the time they were terminated but were, instead, employees “at will” pursuant to the Nation’s Personnel Policy Manual.
When plaintiffs did not respond to the motions to dismiss within 10 days, the Nation filed motions for “summary disposition” based on plaintiffs’ failures to respond. In response to these motions, plaintiffs (1) stated that 10 days was not sufficient time for them to respond, and (2) filed applications for judgments by default based on the Nation’s failure to file timely answers to their original complaints. In response to these default applications, the Nation argued that it was not required to answer plaintiffs’ complaints while the Nation’s timely motions to dismiss were pending.
At this stage of the proceedings, the trial court issued a written Order in each case denying each plaintiffs application for judgment by default and granting the Nation’s motion to dismiss. The applications for default judgment were denied as having “no legal substance.” The motions to dismiss were granted on the basis of the court’s findings that plaintiffs were employees “at will” rather than permanent employees. As employees at will, the court held that plaintiffs possessed no property rights in their employment that were protected by the due process clause of the Indian Civil Rights Act. The court dismissed plaintiffs’ equal protection claims because plaintiffs had made no allegations of class-based animus. In the court’s view, such an allegation was a necessary element of the equal protection claims. In its Order, the Court expressly treated the Nation’s motions to dismiss as the equivalents of motions for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Discussion

1. We affirm the trial court’s rejection of plaintiffs’ applications for default judgments. A defendant upon whom a complaint is served is permitted to defer answering the complaint if the defendant files a timely motion to dismiss the complaint. If the motion to dismiss is granted, no answer will be required. If the motion to dismiss is denied, an answer will be required following the denial, within the time period provided by law.
2. We cannot, however, affirm the portions of the trial court’s Orders granting the Nation’s motions to dismiss the complaints. The trial court correctly treated these motions as the equivalents of Rule 12(b)(6) motions under the Federal *289 Rules of Civil Procedure.[1] In considering such motions, all factual allegations of the complaint must be accepted as true and those allegations must be construed in the light most favorable to the plaintiff. The trial court correctly referred to this basic principle in its Orders. Applying that principle to this case, plaintiffs’ allegations that they were “permanent” employees of the Nation must be accepted for purposes of the motions to dismiss, as must their allegations that others in their position had been afforded the administrative hearings that plaintiffs unsuccessfully requested.
The Nation disputes plaintiffs’ allegations that they were permanent employees. The Nation contends that they were, instead, employees at will. This dispute cannot properly be resolved through a motion to dismiss. If the Nation believed that there was no reasonable basis for the plaintiffs’ allegations that they were permanent employees, the Nation was entitled to file a motion for summary judgment[2], supported by admissible evidence of plaintiffs’ at-will employment status. In order to move forward on the basis of their allegations of permanent employment status, plaintiffs would then have had to submit to the court the evidentiary basis, if any, of their permanent-employment-status claim. Alternatively, the Nation could have awaited a trial, at which plaintiffs would have had the burden of proving their alleged permanent employment status. The Nation was not, however, entitled to have the permanent-status allegations of plaintiffs’ complaints resolved against plaintiffs by merely denying those allegations in a motion to dismiss, submitted without any evidentiary support.
We therefore vacate the trial court’s Orders insofar as they dismissed plaintiffs’ due process claims, and remand for further consolidated proceedings on those claims. In those proceedings, the trial court should now give all parties a full opportunity to present evidence regarding plaintiffs’ employment status. In light of that evidence, the court should then consider whether plaintiffs had a right to an administrative hearing on the charge that they misrepresented their prior employment experience in applying for employment with the Nation. Each party should be given an opportunity to present arguments on this question of law. We specifically encourage the parties and the court to consider whether, even if plaintiffs were employees at will, they might nevertheless have a right to an administrative hearing on charges of misconduct under either the Indian Civil Rights Act or Article VII (H) of the Nation’s Constitution. Those documents may provide different procedural protections for tribal employees than are available to State employees under the due process clause of the Fourteenth Amendment to the United States Constitution. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 62-63 and n. 14, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978).
3. The trial court resolved plaintiffs’ equal protection claims by holding that only class-based discriminations could be found to be in violation of the Indian Civil Rights Act. This holding was incorrect. Although many — perhaps most — equal protection violations do in *290 volve class-based animus, that element is not always a necessary ingredient of an equal protection claim. A completely arbitrary difference in treatment may violate an equal protection guaranty, as may discrimination based on personal animus or other impermissible motivation. See, Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). We therefore vacate the trial court’s grants of the motions to dismiss as they apply to plaintiffs’ equal protection claims and remand for further consolidated proceedings at which the parties should have the opportunity to present proof regarding (1)whether other employees in plaintiffs’ employment status have been afforded administrative hearings on charges of misconduct similar to the charges made against plaintiffs and, (2) if so, what were the reasons, if any, for the different treatment accorded to plaintiffs. The parties should also have the opportunity to present argument on the legal significance of any differences in treatment that may have occurred.

Conclusion

To summarize:
(a) The trial court’s denials of plaintiffs’ applications for default judgment are affirmed;
(b) The trial court’s dismissals of plaintiffs’ due process and equal protection claims are vacated and the case is remanded for further proceedings at which the parties should have a full opportunity to present evidence and argument on the factual and legal issues underlying these claims.

Order affirmed in part and vacated in part for further proceedings.

IT IS SO ORDERED.

. Where the Nation’s Law and Order Code is silent regarding the applicable procedures, the Federal Rules may appropriately be used. See § 5-1 of the Law and Order Code.

. See Federal Rules of Civil Procedure Rule 56. The Law and Order Code does not contain a comprehensive set of pre-trial civil procedures and the Nation's court have not, as yet, adopted procedural rules. In these circumstances, procedural mechanisms in the Federal Rules of Civil Procedure may be employed where appropriate.